UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ONEMAIN FINANCIAL GROUP, LLC and WILMINGTON SAVINGS FUND SOCIETY, FSB AS OWNER TRUSTEE OF TIMES SQUARE REVOLVING TRUST,<br>                     Plaintiffs,<br><br>VERSUS<br><br>INTERNAL REVENUE SERVICE, BILLY W. BENEVAGE, LINDA THAXTON BENEVAGE a/k/a LINDA T. BENEVAGE, and FORD MOTOR CREDIT COMPANY LLC,<br>                     Defendants. | CIVIL NO.<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, come plaintiffs OneMain Financial Group, LLC and Wilmington Savings Fund Society, FSB as Owner Trustee of Times Square Revolving Trust, and for their Complaint for Declaratory Judgment represent as follows:

**PARTIES**

1. Plaintiff herein is OneMain Financial Group, LLC, successor by merger to OneMain Financial Services, Inc., successor by merger to OneMain Financial of Louisiana, Inc., f/k/a SpringLeaf Financial Services of Louisiana, Inc., f/k/a American General Financial Services of Louisiana, Inc., a Delaware limited liability company with its principal place of business in Baltimore, Maryland ("OneMain").

2. Also made plaintiff herein is Wilmington Savings Fund Society, FSB as Owner Trustee of Times Square Revolving Trust, a national banking association formed under the laws

of the United States of America, with its principal place of business and main office in Wilmington, Delaware ("Lender").

3. Made defendant herein is the Internal Revenue Service, which is, upon information and belief, an agency of the United States of America (the "IRS").

4. Also made defendant herein is Billy W. Benevage, an individual of the age of majority who, upon information and belief, resides in Florien, Louisiana ("Mr. Benevage").

5. Also made defendant herein is Linda Thaxton Benevage, a/k/a Linda T. Benevage, an individual of the age of majority who, upon information and belief, resides in Florien, Louisiana ("Mrs. Benevage").

6. Also made defendant herein is Ford Motor Credit Company LLC, which is, upon information and belief a Delaware limited liability company in good standing, with its principal place of business in Dearborn, Michigan ("Ford Credit").

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over plaintiffs' claims against the IRS pursuant to 28 U.S.C. §§ 1331, 1340, 1346, and 2410.

8. This Court has supplemental jurisdiction over plaintiffs' claims against the remaining defendants pursuant to 28 U.S.C. § 1367 because they involve identical facts, circumstances, and law and therefore form part of the same case or controversy under Article III of the United States Constitution.

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) because Mr. and Mrs. Benevage are residents of Florien, Louisiana, which is situated in the Western District of Louisiana. Venue is also proper under 28 U.S.C. § 1391(b)(1) because this action involves immovable property in Florien, Louisiana.

## OVERVIEW OF ACTION

10. In 2005, Mr. and Mrs. Benevage executed a mortgage encumbering their property in Florien in favor of Lender's predecessor in interest. Purely by error and mistake, OneMain executed and recorded a cancellation of Lender's mortgage in the Sabine Parish mortgage records without Lender's knowledge or consent. At the time it did so, OneMain had no right, title, or interest in or to Lender's note or mortgage. In this action, plaintiffs seek a judgment declaring and decreeing that the OneMain's cancellation of Lender's mortgage from the public records is without any force or effect whatsoever, that said mortgage continues to encumber the property at issue, and that the mortgage is superior in rank to recorded lien interests in favor of the IRS and Ford Credit.

## BACKGROUND

11. On March 17, 1979, Mrs. Benevage acquired certain immovable property in Sabine Parish by Cash Sale Deed recorded in the Sabine Parish conveyance records on March 19, 1979 at Book 310, Page 170, File No. 244202. A copy of the Cash Sale Deed is attached hereto as Exhibit A.

12. On January 24, 2002, Mrs. Benevage donated to Mr. Benevage a one-half interest in a portion of the property that she acquired on March 17, 1979 by Donation Inter Vivos, described as follows:

> A 5.00 acres tract located in the east half of the southwest Quarter of the Southwest Quarter of Section 14, Township 5 North, Range 10 West, SABINE PARISH, Louisiana, and being more particularly described as follows:
>
> Beginning at a 2" iron pipe found at the Southeast corner of the East half of the Southwest Quarter of the Southwest Quarter of said Section 14;
>
> Thence, North 89 degrees 23 minutes 21 seconds West, 582.23 feet to a 1/2" iron rod set on the apparent easterly right of way of the Plainview Road;
>
> North 12 degrees 41 minutes 35 seconds West, 122.11 feet to a 1/2" iron rod;

North 10 degrees 05 minutes 15 seconds West, 82.39 feet to a 1/2" iron rod;

North 05 degrees 41 minutes 18 seconds West 64.65 feet to a 1/2" iron rod;

North 01 degrees 42 minutes 31 seconds East, 57.34 feet to a 1/2" iron rod;

North 06 degrees 11 minutes 44 seconds East, 34.26 feet to a 1/2" iron rod;

Thence South 89 degrees 23 minutes 21 seconds East, 621.18 feet to a 1/2" iron rod; Thence South 00 degrees 32 minutes 07 seconds, EAST, 355.55 feet to the Point of Beginning and containing 5.00 acres.

This description is based on a survey map by Dockens Surveying, Inc. dated January 30, 2002, a copy of which is attached hereto and made a part hereof. Said survey is in accordance with the Louisiana minimum standards to the property boundary surveys for a Class "C" survey. Bearings are based on record bearings.

Which has the address of 6745 Plainview Road, Florien, LA 71429.

(the "Property"). The January 24, 2002 Donation Inter Vivos, a copy of which is attached hereto as Exhibit B, was recorded in the Sabine Parish conveyance records on February 5, 2002 at Book D14, Page 222, File No. 374496.

13.  On June 25, 2003, Mr. and Mrs. Benevage executed an Act of Louisiana Collateral Mortgage encumbering the Property, which was recorded on June 30, 2003 at Book 307, Page 938, File No. 382425 (the "2003 Mortgage"). A copy is attached hereto as Exhibit C.

14.  On December 15, 2005, Mr. and Mrs. Benevage executed an Act of Louisiana Collateral Mortgage in favor of American General Financial Services of Louisiana, Inc., which also encumbered the Property (the "2005 Mortgage"). The 2005 Mortgage, a copy of which is attached hereto as Exhibit D, was recorded in the Sabine Parish mortgage records on December 19, 2005 at Book 344, Page 461, File No. 396605.

15.  On April 16, 2021, American General Financial Services of Louisiana, Inc.'s successor in interest assigned the 2005 Mortgage to Lender by a Corporate Assignment of

4

Mortgage recorded in the Sabine Parish mortgage records on April 22, 2021 at Book 573, Page 203, Instrument No. 478530, a copy of which is attached hereto as Exhibit E.

16. In 2017, Lender's title insurer contacted OneMain and requested that it cancel the **2003** Mortgage from the Sabine Parish mortgage records because (a) OneMain was the successor in interest to the original mortgagee and (b) the debt the mortgage secured had been satisfied.

17. While Lender's title insurer's request did not concern the **2005** Mortgage in any manner, on October 16, 2017 and November 3, 2017, solely by error and mistake OneMain executed forms requesting the cancellation of the **2005** Mortgage and recorded those forms in the Sabine Parish mortgage records on November 6, 2017 at Book 517, Page 334, File No. 462787 (the "2005 Mortgage Cancellation"). A copy of that recordation is attached hereto as Exhibit F.

18. On November 28, 2017, OneMain executed an amendment to the 2005 Mortgage, which it recorded in the Sabine Parish mortgage records on December 1, 2017 at Book 518, Page 242, File No. 463108. The amendment only corrected an error in the spelling of the mortgagee's name. A copy is attached as Exhibit G.

19. When OneMain prepared and recorded the 2005 Mortgage Cancellation and the subsequent amendment thereto, it had no right, title, or interest in or to the 2005 Mortgage or the promissory note that it secured.

20. When OneMain prepared and recorded the 2005 Mortgage Cancellation and the subsequent amendment thereto, it did so without Lender's knowledge or consent.

21. Rather, OneMain's preparation and recordation of the 2005 Mortgage Cancellation and the subsequent amendment thereto were solely the result of clerical error and mistake.

22. Lender subsequently learned of and brought OneMain's erroneous and mistaken recordation of the 2005 Mortgage Cancellation to its attention.

23. In an attempt to resolve the issue caused by the 2005 Mortgage Cancellation OneMain recorded an Affidavit and Revocation of Cancellation of Mortgage By Licensed Financial Institution and Revocation of Request to Cancel Inscription in the Sabine Parish mortgage records (the "2005 Mortgage Cancellation Revocation"). A copy of this filing is attached hereto as Exhibit H.

24. In the 2005 Mortgage Cancellation Revocation, OneMain's Vice President swore under oath that the 2005 Mortgage Cancellation and amendment were "erroneously executed" and further swore that "[t]he purpose of this AFFIDAVIT is to give notice that both the November 3, 2017 Cancellation of Mortgage by Licensed Financial Institution and Request to Cancel Inscription and November 28, 2017 Cancellation of Mortgage by Licensed Financial Institution and Request to Cancel Inscription should not have been executed and recorded, and **was done so in error**. By execution below, OneMain does hereby revoke said Cancellations of Mortgage by Licensed Financial Institution and Requests to Cancel Inscription." *Id.* at p. 2 (emphasis added).

25. Notwithstanding OneMain's execution and recordation of the 2005 Mortgage Cancellation Revocation, in preparing to foreclose on the 2005 Mortgage it has come to Lender's attention that the 2005 Mortgage remains canceled on the Sabine Parish mortgage records and that the instant proceeding is necessary to determine the status and effect of that mortgage.

26. The IRS has recorded the following instruments in the Sabine Parish mortgage records that may encumber the Property:

    a. Notice of Federal Tax Lien dated July 15, 2014 identifying the taxpayers as "BILLY W & LINDA J BENEVAGE" with an address of "6745

    PLAINVIEW RD FLORIEN, LA 71429-2907," which was filed in the Sabine Parish mortgage records by the Nashville, Tennessee Internal Revenue Service Office on July 21, 2014 at Book 467, Page 394, File No. 447620, a copy of which is attached hereto as Exhibit I;

 b. Notice of Federal Tax Lien dated August 4, 2016 identifying the taxpayers as "BILLY W & LINDA J BENEVAGE" with an address of "6745 PLAINVIEW RD FLORIEN, LA 71429-2907," which was filed in the Sabine Parish mortgage records by the Nashville, Tennessee Internal Revenue Service Office on August 15, 2016 at Book 498, Page 212, File No. 457043, a copy of which is attached hereto as Exhibit J; and

 c. Notice of Federal Tax Lien dated April 10, 2018 identifying the taxpayers as "BILLY W & LINDA J BENEVAGE" with an address of "6745 PLAINVIEW RD FLORIEN, LA 71429-2907," which was filed in the Sabine Parish mortgage records by the Nashville, Tennessee Internal Revenue Service Office on April 16, 2018 at Book 523, Page 702, File No. 464584, a copy of which is attached hereto as Exhibit K.

27. Likewise, on January 10, 2017, Ford Credit recorded a money judgment against Mr. and Mrs. Benevage in the Sabine Parish mortgage records at Book 504, Page 157, File No. 458818, which judgment may encumber the Property. A copy of the judgment is attached hereto as Exhibit L.

28. Through the IRS' three recorded Notices of Federal Tax Lien and Ford Credit's recorded judgment, each claims an interest in the subject of this action and is so situated that

disposing of the action in its absence may as a practical matter impair or impede its ability to protect that interest.

29. As such, the IRS and Ford Credit are joined to this action as necessary parties pursuant to FED. R. CIV. PROC. 19(a)(1)(B)(i).

## LEGAL BASIS FOR ACTION

30. Codified at article 3338 of the Louisiana Civil Code, "[t]he Louisiana public records doctrine generally expresses a public policy that an interest in real estate must be recorded in order to affect third persons." *McClain v. NMP, LLC*, 18-297 (La. App. 5 Cir. 12/12/2018), 262 So. 3d 409, 419.

31. "Simply put, an instrument in writing affecting immovable property that is not recorded is null and void except between the parties." *Id.* (citing *Cimarex Energy Co. v. Mauboules*, 09-1170 (La. 4/9/10), 40 So.3d 931, 943).

32. "The primary focus of the public records doctrine is the protection of third persons against unrecorded instruments by denying the effects of the unrecorded interests, except as between the parties." *Id.* (citing LA. CIV. CODE arts. 3338 and 3343; *Cimarex Energy Co.*, 40 So. 3d at 944).

33. "A longstanding exception to the public records doctrine exists, however, where a mortgage is cancelled from the public records through fraud, error, or mistake." *Deutsche Bank Nat'l Tr. Co. for Morgan Stanley ABS Capital I Inc., Tr. 2004-WMC2 v. McNamara*, No. 2017-CA-0173, 2017 WL 4700650, at *3 (La. App. 4 Cir. 10/18/2017) (collecting cases).

34. "The rule seems arbitrary, but it is now well settled … that a cancellation of a mortgage by the recorder without the knowledge or consent of the holder of the negotiable mortgage note does not deprive him of his security, even with regard to a third party dealing with

the property on his faith in the public record." *Zimmer v. Fryer*, 183 So. 166, 167 (La. 1938) (internal quotation and citation omitted).

35. Given that (a) OneMain's recordation of the 2005 Mortgage Cancellation was purely the result of error and mistake; (b) it was made without Lender's knowledge or consent; and (c) OneMain had no right, title, or interest to the 2005 Mortgage or the note that it secures when it recorded the cancellation, Lender cannot be deprived of its security interest under the 2005 Mortgage and judgment as prayed for herein is appropriate.

WHEREFORE, plaintiffs OneMain Financial Group, LLC and Wilmington Savings Fund Society, FSB as Owner Trustee of Times Square Revolving Trust pray that after due proceedings this Court enter judgment in their favor and against defendants the Internal Revenue Service, Billy W. Benevage, Linda Thaxton Benevage, a/k/a Linda T. Benevage, and Ford Motor Credit Company LLC declaring and decreeing that:

1. OneMain's recordation of the 2005 Mortgage Cancellation was solely the result of its own error and mistake;

2. OneMain's recordation of the 2005 Mortgage Cancellation was made without Lender's knowledge or consent;

3. Lender cannot be deprived of its security interest in the Property under the 2005 Mortgage;

4. OneMain's erroneous and mistaken cancellation of Lender's mortgage from the mortgage records is without any force or effect whatsoever;

5. The 2005 Mortgage continues to encumber the Property as if it had never been erroneously and mistakenly canceled;

6. The 2005 Mortgage is superior in rank to the lien interests of the Internal Revenue Service recorded in the Sabine Parish mortgage records on July 21, 2014 at Book 467, Page 394, File No. 447620, on August 15, 2016 at Book 498, Page 212, File No. 457043, and on April 16, 2018 at Book 523, Page 702, File No. 464584 and therefore Lender should be paid in preference to the Internal Revenue Service out of the proceeds of any sale of the Property that may be conducted in the future;

7. Likewise, the 2005 Mortgage is superior in rank to the lien interest of Ford Motor Credit Company LLC recorded in the Sabine Parish mortgage records on January 10, 2017 at Book 504, Page 157, File No. 458818 and therefore Lender should be paid in preference to the IRS out of the proceeds of any sale of the Property that may be conducted in the future; and

8. Lender prays for all such other relief as is just and equitable.

Respectfully submitted,

**DWYER, CAMBRE & SUFFERN, APLC**

 s/ Ryan M. McCabe
**RYAN M. McCABE (31254) (T.A.)**
**W. NICHOLAS DIETZEN IV (31135)**
3000 W. Esplanade Avenue, Suite 200
Metairie, Louisiana 70002
Telephone: (504) 838-9090
Facsimile: (504) 838-9187
Email: rmccabe@dwyercambre.com

Attorneys for OneMain Financial Group, LLC and Wilmington Savings Fund Society, FSB as Owner Trustee of Times Square Revolving Trust